# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                                       NO. 3:23-MC-14

**ERIC JOHN HESSLER**

## ORDER

On October 5, 2023, the Mississippi Supreme Court, based on Eric John Hessler's admission that he failed to comply with Rule 13(a) of the Rules of Discipline of the Mississippi State Bar by failing to timely notify the Mississippi Bar of the imposition of discipline by another jurisdiction, granted the Mississippi Bar's motion for reciprocal discipline and suspended Hessler from the practice of law in Mississippi for one year and one day, with the suspension deferred in its entirety, retroactive to June 22, 2022. A copy of the ruling was filed in this Court. Doc. #1. On November 8, 2023, in response to Hessler's emergency motion requesting clarification from the Mississippi Supreme Court as to whether "he is authorized to continue practicing law in Mississippi while his one-year-and-a-day suspension remains in deferred status," the Mississippi Supreme Court issued an order which "clarifies that Hessler is authorized to continue practicing law during the deferment of his suspension … on the condition that Hessler remain in compliance with the terms of his Louisiana probation."[1] A copy of the November 8 order was filed in this Court. Doc. #3.

On November 15, 2023, this Court ordered Hessler to show cause within thirty days why he should not be disciplined under Rule 83.1(c)(2) of the Local Uniform Civil Rules of the United

---

[1] "Hessler, who is licensed to practice law in both Louisiana and Mississippi, pled guilty in Louisiana to reckless operation of a vehicle following his arrest for operating a vehicle while intoxicated (first offense)," for which he "was suspended from the practice of law in Louisiana 'for a period of one year and one day, with the suspension deferred in it is entirety.'" Doc. #3 at 1 (quoting *Mississippi Bar v. Hessler*, No. 2023-BD-00057, 2023 WL 6472291, at *1 (Miss. Oct. 5, 2023)).

States District Courts for the Northern District of Mississippi and the Southern District of Mississippi.[2]  Doc. #2.  Local Rule 83.1(c)(2) provides that a member of the bar of the United States District Court who has been suspended or disbarred from practice by a court of record shall be accorded thirty days within which to show cause why he or she should not be suspended or disbarred by this Court.  The rule further provides that following a response to the order to show cause "and after hearing, if one is requested, or upon expiration of the period allowed for response, if no response is made, the court may enter an appropriate order in which it may impose discipline, including, but not limited to, the same discipline administered by the other jurisdiction."  L.U. Civ. R. 83.1(c)(2).

Because there is no question that the Mississippi Supreme Court is a court of record and that Hessler did not respond to this Court's show cause order within the time allowed or at any subsequent point, this Court concludes that reciprocal discipline is appropriate.  Accordingly, Hessler is **SUSPENDED** from practicing law in the Northern District of Mississippi for one year and one day, with the suspension deferred in its entirety, retroactive to June 22, 2022, so long as Hessler remains compliant with the terms of his Louisiana probation.  However, Hessler is **DIRECTED** to notify this Court within seven (7) days of any decision finding him noncompliant with the terms of his Louisiana probation.  Such suspension shall not be lifted unless and until Hessler establishes that he has been restored as an attorney in good standing with the Mississippi Bar and the Mississippi Supreme Court.  The Clerk of Court is **DIRECTED** to send a certified copy of this order to Hessler at his address of record, to the Executive Director of the Mississippi Bar, to the United States Attorney for the Northern District of Mississippi, and to the United States Court of Appeals for the Fifth Circuit

---

[2] The same day, a certified copy of the show cause order was mailed to Hessler at the address on file with the Court. The mail was not returned.

**SO ORDERED**, this 27th day of February, 2024.

/s/ Debra M. Brown
_____
**DEBRA M. BROWN**
**CHIEF DISTRICT JUDGE**